**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

______________________________________X

PHYLLIS FERRO

Plaintiff

v.

MUFG Union Bank, N. A.

Defendant

______________________________________X

**COMPLAINT**

CIVIL ACTION No.

Comes now Phyllis Ferro, hereinafter ("Plaintiff") for her Complaint against MUFG Union Bank, N.A. hereinafter ("Defendant") and states as follows:

**Jurisdiction and Venue**

1) This suit is brought under the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. 1001, et seq. to recover the denial of severance benefits.

2) Jurisdiction is conferred on this Court by virtue of Title 29 U.S.C. 1131, 29 U.S.C. 1132 (d)(e) &(f) and 28 U.S.C.1331.

3) The ERISA statute provides for a mechanism for administrative or internal appeals of benefit denials. Those avenues of appeal have been exhausted with the denial of Plaintiff's appeal.

4) Venue is proper in the District of New York by virtue of Title 29 U.S.C. 1132(e) (2) and 28 U.S.C. 1391(b).

## Nature of Action

5) This is a claim seeking an award to Plaintiff of a $110,000severance payment under The MUFG Union Bank N.A. General Severance Plan ("The Plan") for employees of MUFG Union Bank, N.A. which she was entitled to receive in accordance with the terms of The Plan.

6) This action seeking the recovery of benefits is brought pursuant to Section 502(a) (1)(B) of ERISA (29 U.S.C.1132(a)(1)(B).

## The Parties

7) Plaintiff, Phyllis Ferro, resides at 29 Turnberry Drive, Lincroft, Monmouth County, New Jersey.

8) Defendant's Benefit Plans Administrative Committee is the Plan Administrator for the MUFG Union Bank, N.A. General Severance Plan.

9) Defendant's agent for service of legal process is General Counsel, MUFG Union Bank, N.A. 1251 Avenue of the America's, New York, N.Y. 10020.

10) At all times relevant hereto, the Plan constituted an Employee Welfare Benefit Plan as defined by 29 U.S.C. §1002(1) and as an incident to her employment Plaintiff received coverage under the Plan as a "Participant" as defined by 29 U.S.C. §1002(7).

11) Defendant is responsible for payment under the subject plan, and for benefit decisions made by it, or on its behalf by the Plan Administrator.

## The Claim for Relief

12) As Director of End User Services, based on her level of compensation Plaintiff was entitled to a severance payment of $110,000 at the time of her separation on June 16, 2020.

13) In its December 14, 2020 letter denying Plaintiff's appeal, a copy of which is annexed as **Exhibit A,** Defendant contends that under the Plan Plaintiff is not entitled to

payment because Plaintiff was terminated for cause.

14) The Plan, a copy of which is annexed hereto as **Exhibit B**, does not use, or define the term "for cause". To the extent there is a relevant term, Loss of Eligibility is defined by the Plan as a " failure to abide by the law or the Participating Employer's policies." (p.2)

15) In her appeal Plaintiff showed that she had not violated any policy of her employer.

16) At the time of her termination Plaintiff was entitled to severance under the company's General Severance Plan. Plaintiff was told that she would not, however, being receiving her severance benefit as Plaintiff had violated company policy.

17) When Plaintiff asked for an explanation as to how she had violated company policy, Plaintiff was told to contact the company's Employee Resources Department and did so On June 23, 2020 Plaintiff received a telephone message from Sheryl Appelt who told her that they could not give her a copy of the policy but that the policies that Plaintiff violated were the Information Security Policy and the Data Loss Prevention Policy ("DLP").

18) According to Ms. Appelt, the basis of these violations was that Plaintiff had sent company documents using her personal e-mail. Plaintiff was surprised to hear this as Plaintiff did not know it was prohibited, and noted it was often done by other employees.

19) When the bank pulled all her e-mails that Plaintiff had sent home from December 2019 to June 2020 as part of its investigation they found a little over 100 e-mails. Many contained personal contacts that needed to be saved to her personal phone while other emails that were never flagged or blocked contained public reference technical information (available on the web) or internal company information such as a Systrack document that one of her direct reports had created.

20) Plaintiff explained to Ms. Appelt that she had sent those emails /documents home so that she could print them to review them as she could not review and or read documents online and needs them to be printed on paper.

21) Plaintiff also explained that there was no paper on the entire 4th floor or in mailroom since administrator, Yolanda Dell, had left the bank last summer. Plaintiff also explained that no one on the 4th floor could print due to the lack of paper and no one knew how to order paper leaving her no choice but to exercise her own initiative.

22) Moreover, Plaintiff also explained to Ms. Appelt that she handled the printed documents appropriately by bringing them to work or by shredding them which was confirmed by an e-mail from Ms. Applet stating that Plaintiff had deleted the documents appropriately.

23) On March 11, 2020 Plaintiff had signed a written acknowledgement that she had received the MUFG Employment Handbook and further acknowledged that as a condition of her employment that she agreed to comply with the policies contained in the Handbook. A copy of her signed acknowledgment is annexed as **Exhibit C.**

24) Not only had Plaintiff never seen or been given company's Information Security Policy, there is in fact no such policy in the Employment Handbook. Moreover, as described above, there was no breach of security.

25) Although Plaintiff is familiar with DLP policy, it pertains to the classification of different types of data and does not prohibit the use of personal e-mails to send company data. In any event, the DLP policy is not contained in the Employee Handbook.

26) Defendant's December 14, 2020 letter denying Plaintiff's appeal did not dispute these facts nor did the letter indicate that it had conducted any factual investigation. As such it was impossible for it to have conducted a full and fair review required by 29 C.F.R. 2560.503-

1(h)(2) and still deny her appeal when there were no facts to support Defendant's decision.

27) In addition, neither Section 2.1.6.7 nor 2.1.6.8 of the Handbook a copy of which is annexed as **Exhibit D,** prohibit the use of a personal e-mail address to transmit company data.

28) Furthermore, Section II. of the Bank's Severance Plan provides that an employee will become ineligible to receive severance benefits under the Plan if, "during the period **following** (emphasis added) your Termination Notice: You are terminated due to…failure to abide the Participating Employer's policies;" which provision has simply chosen to ignore. See, **Exhibit A**, page 2 of The Plan.

29) This provision is inapplicable for three reasons.

i) First, Plaintiff was not terminated after the receipt of her Termination Notice for failure to abide the Participating Employer's policies,

ii) Second, the above-mentioned policies are not in the Handbook, and

iii) Third, an employee cannot be accused of failing to abide by a policy which requires an intentional act, when the employee has not received the policy, or is unaware of its existence.

30) Defendant's decision to affirm the denial Plaintiff's severance was arbitrary and capricious because it ignored the factual record and the relevant provisions of The Plan.

31) Defendant failed to discharge its fiduciary duty as Plan Administrator by failing to administer The Plan in accordance with its terms.

32) Defendant was required to discharge its duties solely in the interests of the participants and beneficiaries of the Plan but failed to do so.

**WHEREFORE** Plaintiff, Phyliss Ferro, demands judgment against Defendant as follows:

a. Ordering said Defendant to pay Plaintiff her severance benefit in the full amount of $110,00

b. Awarding Plaintiff attorney's fees pursuant to 29 U.S.C. §1132(g) court costs, and all other reasonable costs; and

c. Granting Plaintiff such other and further relief as this Court may deem just and proper.

/s/ Stephen R. Bosin, Esq.
Stephen R. Bosin, Esq.
Attorney for Plaintiff
Phyliss Ferro
70 Grand Ave. Suite 200
River Edge, N.J. 07661
(201) 342. 4117

Dated: December 18, 2020